1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COLTON ROOD,                              No. 2:19-cv-1290 KJN P

12                    Petitioner,

13            v.                               ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   MEGAN'S LAW WEBSITE,

15                    Respondent.

16

17        Petitioner, a county jail inmate proceeding pro se, has filed a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

19        Examination of the affidavit reveals petitioner is unable to afford the costs of this action.

20   Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

21   Petitioner's Allegations

22        Petitioner claims that he was prematurely listed on the Megan's Law[1] website without his

23   permission and without being notified. Petitioner alleges that he was "only to be put on the

24   Megan's Law website after he paroled and able to file for registry, due to being incarcerated for a

25   felony sex crime." (ECF No. 1 at 5.) Petitioner further claims that the Megan's Law website

26   _____

27   [1] On May 12, 1994, the state of Alaska first enacted what became known as "Megan's Law,"
     which requires mandatory registration of sex offenders. Smith v. Doe, 538 U.S. 84, 89 (2003).
     By 1996, every state, the District of Columbia, and the federal government had enacted some
28   variation of Megan's Law. Id. at 90.

                                            1

states he is not cooperating with parole and has absconded parole, despite petitioner being in continuous custody since July of 2011.  (ECF No. 1 at 7.)  Petitioner states that at least one major Facebook account has negatively targeted petitioner as a result of the listing, and the website's defamation of petitioner's character has impinged on several relationships.  Petitioner avers that the Megan's Law website is a government-run internet website.  Petitioner seeks an order removing him from the Megan's Law website, and money damages.

Discussion

Petitioner fails to state a cognizable habeas claim.  As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Moreover, money damages are unavailable through habeas proceedings.

In addition, petitioner failed to name a proper respondent.  The "Megan's Law Website," is not a person and does not have custody of petitioner.[2]  28 foll. U.S.C. § 2254 Rule 2(a).  Typically, a proper respondent is the warden of the facility in which the petitioner is incarcerated.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

For all of these reasons, petitioner cannot state a cognizable habeas claim based on his allegations, and his petition should be dismissed without leave to amend.

Finally, the undersigned declines to construe the habeas petition as a civil rights action for the following reasons.

////

---

[2]  The Megan's Law website is administered by the California Department of Justice, which may have procedures available to correct erroneous information that do not necessarily involve a parole agent or official.  See Megan's Law Disclaimer, at http:// www.meganslaw.ca.gov: "Notice of Corrections. If you believe that any information on this site is in error, please contact a police or sheriff's department, or contact the Department of Justice by e-mail at MegansLaw@doj.ca.gov."  (accessed July 12, 2019).

1    First, it is unclear petitioner can state a cognizable civil rights claim based on the instant

2    allegations.  In Doe v. Harris, 57 Cal. 4th 64, 158 Cal. Rptr. 3d 290 (July 1, 2013), the California

3    Supreme Court, in response to a certified question from the Ninth Circuit, held that "a plea

4    agreement's reference to a statutory consequence attending a conviction . . . does not give rise to

5    an implied promise that the defendant, by pleading guilty or nolo contendere, will be unaffected

6    by a change in the law."  Id. at 73.  The plea agreement in Doe v. Harris required the defendant to

7    register as a sex offender and the law in effect at the time the plea was entered provided that a

8    registrant's identity would not be available for public inspection.  Subsequently, the law changed

9    ("Megan's Law") to expressly mandate public notification provisions which "'are applicable to

10   every person . . . without regard to when his . . . crimes were committed or his . . . duty to register

11   . . . arose . . ..'"  Doe v. Harris, 57 Cal.4th at 67-68.  In holding that the public notification

12   provisions were retroactive and applicable to the conviction, the court noted that "neither the

13   parties plea negotiations, nor the change of plea form, nor the plea agreement considered or

14   addressed the possibility" of the impact of future legislation on the registration requirement.  Id.

15   at 68.  Here, petitioner was convicted of a violation of California Penal Code § 288, subd. (a),

16   pursuant to his no contest plea based on a plea agreement entered in Sacramento County Superior

17   Court, No. 11F5641, and the judgment of conviction was affirmed by the state appellate court on

18   November 21, 2012.  People v. Rood, C071357, 2012 WL 5871451 (Third District Ct. Appeal).

19   Thus, it appears petitioner's conviction for a sex offense gave rise to a duty to register petitioner

20   on the Megan's Law website.

21       Second, a claim of defamation does not rise to the level of a federal constitutional

22   violation.  See Paul v. Davis, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable

23   under § 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and

24   slander claims are precluded by Paul); Whatley v. Gray, 2018 WL 828200, at *2 (S.D. Cal. Feb.

25   8, 2018); Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), report and

26   recommendation adopted, 2017 WL 3219479 (D. Mont. July 28, 2017).  Allegations of

27   harassment are not cognizable under section 1983.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

28   Cir. 1982) (allegations of harassment with regards to medical problems not cognizable);

3

1    Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have

2    cause of action under § 1983 for being called obscene name by prison employee); Batton v. North

3    Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does

4    not state claim under § 1983).

5        Third, the "Megan's Law Website" also cannot be sued under 42 U.S.C. § 1983 because a

6    website is not a person.  Id.

7        Fourth, even if petitioner is granted leave to proceed in forma pauperis in a civil rights

8    action, he will be required to pay the $350.00 court filing fee, although he is allowed to pay it

9    through installments from his inmate trust account.  See 28 U.S.C. §§ 1914(a), 1915(a).

10        Finally, 28 U.S.C. § 1915(g) provides that if a prisoner brings three actions or appeals that

11   have been dismissed as frivolous, malicious, or for failure to state a claim, he will not be

12   permitted to file a new civil action or appeal unless he is under imminent danger of serious

13   physical injury.  Id.  Thus, the undersigned declines to construe the instant petition as a civil

14   rights action.

15   Conclusion

16        Accordingly, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in

17   forma pauperis, and the Clerk is directed to assign a district judge to this action.

18        IT IS RECOMMENDED that petitioner's application for writ of habeas corpus be

19   dismissed without leave to amend.

20        These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22   after being served with these findings and recommendations, petitioner may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

25   he shall also address whether a certificate of appealability should issue and, if so, why and as to

26   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

27   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

28   § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

4

1  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

2  1991).

3  Dated:  July 17, 2019

4  _____
   KENDALL J. NEWMAN
5  UNITED STATES MAGISTRATE JUDGE

/rood1290.156

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5